UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL RODRIGUEZ BARRON<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JOHN DOE, Warden, Imperial Regional Adult Detention Facility; JOHN DOE, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, in their official capacities.<br><br>　　　　　　　　　　Respondents. | Case No.: 25-cv-3434-JES-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

　　　Before the Court is Petitioner Ezequiel Rodriguez Barron's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's order to show cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 5. Petitioner filed a traverse on December 11, 2025. ECF No. 6. For the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner, a noncitizen, has lived in California for over a decade. Pet. ¶ 38. On November 6, 2025, Petitioner was apprehended in Desert Hot Springs, California, by Immigration and Custom Enforcement ("ICE"). *Id.* ¶ 39. He is currently being detained at the Imperial Regional Adult Detention Facility in Calexico, California. *Id.*

Removal proceedings are now pending for Petitioner before Imperial Immigration Court. *Id.* ¶ 40. On November 21, 2025, Petitioner states that he was denied a bond redetermination hearing before an immigration judge on the basis of lack of jurisdiction to redetermine bond under *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* ¶ 42. On November 28, 2025, Petitioner states that he was given a bond redetermination hearing, but the Immigration Judge ("IJ") again denied the request on the basis that it lacked jurisdiction. *Id.*

Petitioner alleges in his petition that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and should rather be subject to § 1226(a). *Id.* ¶¶ 47-49. As such, his detention without a meaningful bond hearing violates § 1226. He seeks either release or that the Court order a bond hearing pursuant to § 1226.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas

jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.  DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisdictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; and (3) Petitioner is lawfully detained under § 1225 and it is that section, rather than § 1226, that applies to his detention. ECF No. 5.

Respondents' arguments with regards to jurisdiction, administrative exhaustion, and applicability of § 1225 versus § 1226 are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). In that decision, this Court held that the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear similar claims challenging detention without an adequate bond hearing, and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*. Further, the Court, along with many others, held that it is § 1226 that applies to noncitizens that have been detained when after residing in the United States for a period of time. The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

As applied here, there is no dispute that Petitioner was detained by ICE after having already resided in the United States for many years. Therefore, it is § 1226's discretionary detention that applies to him, rather than § 1225's mandatory discretion, and Petitioner is entitled to a meaningful bond determination not solely based on *Matter of Yajure Hurtado*. Accordingly, the Court **GRANTS** Petitioner's petition on this ground.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1)  Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2)  The Court **ORDERS** Respondents to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, the IJ may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

(4)  Respondents are **ORDERED** to File a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing;

(5)  The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: December 12, 2025

*[signature]*

Honorable James E. Simmons Jr.
United States District Judge